**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 09 2024

TAMMY H. DOWNS, CLERK

By:_____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISON

UNITED STATES OF AMERICA,

Plaintiff,

v.

WEST MEMPHIS SCHOOL DISTRICT

Defendant.

Civil Action No. 2:24CV69-LPR

Jury Demanded

## COMPLAINT

Plaintiff, United States of America, alleges:

### Introduction

1.      The United States brings this action against Defendant West Memphis School District to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117, as amended, which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2.      This Court has jurisdiction of this action under 42 U.S.C. §§ 12117(a) and 2000e-5(f), and 28 U.S.C. §§ 1331 and 1345.

3.      This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

This case assigned to District Judge _____
and to Magistrate Judge _____

4.      Venue is proper under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because

Defendant is located in this judicial district and the events and omissions giving rise to this

action occurred in this judicial district.

5.      West Memphis School District is a person within the meaning of 42 U.S.C. § 12111(7)

and 42 U.S.C. § 2000e(a).

6.      West Memphis School District is an employer within the meaning of 42 U.S.C.

§ 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R.

§ 1630.2.

7.      Ms. Chloe Cox is an individual with a disability within the meaning of 42 U.S.C. § 12102

because she has asthma, which is complicated by obesity.  Her asthma results in breathing

difficulties and causes her to be prone to respiratory illness including acute bronchitis, and

substantially limits her major life activities of breathing, speaking, and working.  Major life

activities include the operation of major bodily functions, including the respiratory system.  42

U.S.C. § 12102(2)(B).  Ms. Cox's asthma substantially limits her in respiratory system function.

8.      Ms. Cox also has a record of having a disability, within the meaning of 42 U.S.C.

§ 12102(1).

9.      Ms. Cox is a qualified individual for the science curriculum specialist position within the

meaning of 42 U.S.C. § 12111(8) because she has a continuing ability to perform the essential

functions of the position with or without a reasonable accommodation.

10.     Ms. Cox began working for West Memphis School District in 2004 as a school teacher

and then, after earning a master's degree in education, as a science curriculum specialist

beginning in 2013.

11.     Ms. Cox's duties as a science curriculum specialist included working with science teachers to develop the science curriculum and lesson plans, providing feedback to teachers on their lesson implementation, training teachers and helping them with professional growth, coordinating with other curriculum specialists, reviewing student assessment data, serving on the school leadership team, and working on school-wide reform and restructuring that is necessary for the school to qualify for different grant programs.

12.     On March 19, 2020, at the beginning of the COVID-19 pandemic, West Memphis School District switched from in-person to virtual learning for the remainder of the school year ending in June 2020.

13.     On April 14, 2020, the CDC advised that "people with moderate to severe asthma might be at a higher risk of getting very sick from COVID-19."

14.     During the summer of 2020, the Governor of Arkansas asked school districts in the state to plan for the 2020-2021 school year by including both virtual learning, and a blended option, which combined virtual learning with an in-person learning option.

15.     West Memphis School District implemented the Governor's plan by planning for a partial return to in-person learning beginning in late August 2020.

16.     West Memphis School District told all employees that they had to return in-person to their school or other district site, with no exceptions other than for documented COVID-19 sickness or exposure.

17.     On July 10, 2020, the Arkansas State Secretary of Education published a notice advising the public to avoid entering school buildings for gatherings if, "they have underlying health conditions including high blood pressure, chronic lung disease, diabetes, severe obesity, asthma or weakened immunity."

18.     On July 23, 2020, Ms. Cox emailed a request to work remotely as a reasonable accommodation to the superintendent, assistant superintendent, and the principal of her school. When she did not receive any response, she emailed another request on July 28, 2020, stating in part, "I am writing to follow up on my request to work from home.  Under the Americans with Disabilities Act, I have the right to request an accommodation to my work environment based on my health issues."

19.     Ms. Cox's request for a reasonable accommodation was denied on July 28, 2020, in an email from the school district's business manager, stating in part, "West Memphis School District is not allowing work from home accommodations for any personnel during the 2020-2021 school year."  The July 28, 2020 email further stated that unpaid Family Medical Leave Act (FMLA) leave may be available to district personnel, but only for "non-Covid-19 issues."

20.     West Memphis School District required employees to report to their school sites on August 7, 2020.  Ms. Cox took leave beginning on August 7, 2020, because it was unsafe for her to attend work at her school site.

21.     On August 10, 2020, Ms. Cox made another request for a reasonable accommodation, and included a letter from a medical provider advising that she should work from home and avoid social contact to prevent any exposure to COVID-19 due to her extreme health risks.  West Memphis School District did not respond.

22.     On August 12, 2020, Ms. Cox again emailed school officials, stating, "I have had no correspondence with anyone about my request.  According to the law, someone is supposed to engage with me immediately about my request for accommodation."

23.     Later in the day on August 12, 2020, the superintendent emailed Ms. Cox a response, repeating the policy that "WMSD is not allowing any personnel to work from home at this time."

4

24.     On August 13, 2020, Ms. Cox's attorney sent West Memphis School District a letter requesting that the school district engage in an interactive process about Ms. Cox's request for a reasonable accommodation, informing the district that Ms. Cox was willing and able to perform her job functions and that she was not requesting unpaid FMLA leave.

25.     On August 13, 2020, Ms. Cox's principal, Dr. Palmer Quarrels, emailed the superintendent and assistant superintendent, describing Ms. Cox's duties and providing a list of recommended accommodations, including Ms. Cox arriving to school and going straight to her office without any contact, leaving school early to avoid student or teacher contact, having no contact with any students while on the school site, and doing all of her interactive job functions via zoom.  West Memphis School District never offered these potential accommodations to Ms. Cox.

26.     On August 21, 2020, Ms. Cox was out of leave and concluded that she had to choose between her health and her job.  She sent the superintendent a letter stating, "As a result of West Memphis School District's refusal to provide an accommodation to my work environment due to underlying conditions I have from complications with asthma, and having exhausted my paid leave of absences, I resign from my position as science coach, effective immediately."

27.     Ms. Cox suffered substantial emotional distress as a result of Defendant's actions.

28.     On October 27, 2020, Ms. Cox filed a timely charge of disability-based discrimination with the Equal Employment Opportunity Commission (EEOC) alleging, among other things, that Defendant discriminated against her in violation of the ADA by failing to provide a reasonable accommodation, failing to engage in an interactive process, and constructively discharging her.

29.     Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated Ms. Cox's charge and found reasonable cause to believe that her allegations

of discrimination are true.  After attempting unsuccessfully to reach a voluntary resolution of the charge, the EEOC referred the matter to the United States Department of Justice.

## Cause of Action

30.     The allegations of the foregoing paragraphs are incorporated herein by reference.

31.     Title I of the ADA, 42 U.S.C. §§ 12111 – 12117, and its implementing regulation, 29 C.F.R. Part 1630, prohibit covered entities, such as Defendant, from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).

32.     Ms. Cox is a qualified individual with a disability within the meaning of the ADA who during all relevant time periods could perform the essential functions of a science curriculum specialist with or without a reasonable accommodation.  42 U.S.C. § 12111(8) and 29 C.F.R. § 1630.2(m).

33.     West Memphis School District discriminated against Ms. Cox by failing to provide her with a reasonable accommodation of remote work during the COVID-19 pandemic and constructively discharging her from her job as a science curriculum specialist when she ran out of leave, despite the fact that she is a qualified individual who is able to perform the essential functions of the position, in violation of 42 U.S.C. § 12112 and 29 C.F.R. §§ 1630.2, 1630.4, and 1630.9.

34.     Ms. Cox has suffered and continues to suffer harm as a direct result of Defendant's discrimination, including emotional distress, lost income, pain and suffering, and humiliation.

## Prayer for Relief

WHEREFORE, United States prays that the Court grant the following relief:

35.     Grant judgment in favor of the United States and declare that Defendant has violated

Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its accompanying regulation;

36.     Enjoin Defendant and its agents, employees, successors, assigns and all persons in active

concert or participation with, from engaging in discriminatory employment policies and practices

that violate Title I of the ADA;

37.     Require Defendant to modify its policies, practices, and procedures as necessary to bring

its employment practices into compliance with Title I of the ADA;

38.     Order Defendant to train its supervisors and human resources staff regarding the

requirements of Title I of the ADA;

39.     Provide sufficient remedial relief to make whole the Complainant, Ms. Cox, for the

individual loss she has suffered as a result of the discrimination against her, including an offer of

reinstatement as science curriculum specialist at Wonder Junior High School with retroactive

seniority, granting her full backpay with interest, pension and related benefits, and any other

appropriate nondiscriminatory measures to overcome the effects of the discrimination she has

endured;

40.     Award compensatory damages to Ms. Cox, including damages for pain and suffering, to

fully compensate her for injuries caused by Defendant's discriminatory conduct, pursuant to and

within the statutory limitations of 42 U.S.C. § 1981a; and

41.     Award such other appropriate relief as the interests of justice require.


**Jury Demand**

42.     Plaintiff United States hereby demands a trial by jury.


7

DATED:  April 9, 2024                              Respectfully submitted,


                                                   KRISTEN CLARKE
JONATHAN ROSS                                      Assistant Attorney General
United States Attorney                             Civil Rights Division

                                                   REBECCA B. BOND
By                                                 Chief
SHANNON S. SMITH
Assistant United States Attorney                   ELIZABETH S. WESTFALL
Arkansas Bar No. 94172                             Deputy Chief
Attorney for the United States                     JANE E. ANDERSEN
P.O. Box 1229                                      DOV LUTZKER
Little Rock, AR 72203                              Trial Attorneys
Telephone: (501) 340-2600
shannon.smith@usdoj.gov                            Disability Rights Section
                                                   Civil Rights Division
                                                   U.S. Department of Justice
                                                   950 Pennsylvania Avenue, NW – 4CON
                                                   Washington, DC  20530
                                                   Telephone: (202) 307-0663
                                                   Dov.Lutzker@usdoj.gov